Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)



# UNITED STATES DISTRICT COURT
for the
Middle District of Florida
Jacksonville Division

Kevin Lamar Blake
**Plaintiff(s)**
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) Sgt. W. Rogers, Ofc. S. Williams, Sgt. C. A. Tyre, Sgt. A. Guerra, Ofc. T. McDarby, Lt. Weems, Asst. Warden W. Bennett, Asst. Warden S. McLellan, Warden Donald G. Davis, Region Two Director Mr. Palmer

-v-

**Defendant(s)**
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. 3:23-cv-1371-HES-JBT
(to be filled in by the Clerk's Office)

FORWARDED TO
SANTA ROSA CI CN
NOV 14 2023
CLK, MIDDLE D

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Kevin Laquar Blocke
All other names by which you have been known: None
ID Number: X83762
Current Institution: Santa Rosa C.I. Main Unit
Address: 5850 E. Milton Rd.
Milton, FL 32583
City / State / Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: W. Rogers
Job or Title (if known): Sergeant
Shield Number: N/A
Employer: Florida State Prison
Address: 23916 N.W. 83rd Ave.
Raiford, FL 32026
City / State / Zip Code
[✓] Individual capacity   [ ] Official capacity

Defendant No. 2
Name: S. Williams
Job or Title (if known): Officer
Shield Number: N/A
Employer: Florida State Prison
Address: 23916 N.W. 83rd Ave.
Raiford, FL 32026
City / State / Zip Code
[✓] Individual capacity   [ ] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
Name: C.A. Tyre
Job or Title (if known): Sergeant
Shield Number: N/A
Employer: Florida State Prison
Address: 23916 N.W. 83rd Ave
City: Raiford  State: FL  Zip Code: 32026
☑ Individual capacity  ☐ Official capacity

Defendant No. 4
Name: A. Gwaava
Job or Title (if known): Sergeant
Shield Number: N/A
Employer: Florida State Prison
Address: 23916 N.W. 83rd Ave.
City: Raiford  State: FL  Zip Code: 32026
☑ Individual capacity  ☐ Official capacity

(See Attachment)

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Eighth Amendment; Conditions of Confinement, Failure to Intervene Fourteenth Amendment; Deprivation of Property without Due Process of Law

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Defendants Rogers, Williams, Tyre, Guava, McDarby, acted under color of state law by committing the following claim(s): Deprivation of Property without Due Process of Law in violation of Plaintiff's Fourteenth Amendment rights. Defendants Bennett, McClellan, Davis, Palmer, Weems, acted under color of state law by committing the following claim(s): Failure to Intervene in violation of Plaintiff's Eighth Amendment rights. Defendants Tyre, Guava, McDarby, Weems acted under color of

(See Attachment)

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

These events occurred at Florida State Prison between December 2021 to May 2022 on the specific dates stated herein; December 7, 2021, April 13, 2022, and May 12, 2022.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C. What date and approximate time did the events giving rise to your claim(s) occur?

These events occurred on several dates and times between December 2021 to May 2022 on the specific dates stated herein; December 7, 2021, April 13, 2022, and May 12, 2022.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

1.) On December 7, 2021 Plaintiff was transferred from Santa Rosa C.I. Main Unit to Florida State Prison Main Unit with numerous property in order for it to be inventoried by Florida State Prison property officers. Plaintiff received his property back almost two weeks later on or about December 17, 2021. Upon receiving his property he noticed that no inventoried property list was provided and several portions of his personal property was missing consisting of but not limited to numerous personal magazines, personal books, clothing, hygiene, (some of which was bought in his county jail in 2020), numerous amounts of grievances he'd been storing, mostly all of his receipts, and several other items. Plaintiff filed a request form to the property room immediately pertaining to his missing (See Attachment)

V. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Numerous portions of Plaintiff's personal property was lost, misplaced, or thrown away consisting of family photos, clothing, shoes, hygiene, personal magazines, personal books, legal books, writing paper, writing pads, Prosperity Bible, Eye Glasses w/case, Word of Yahweh Bible, numerous portions of his Hebrew Israelite study material including study books and vocabulary builders, Gold chain w/ Star of David medallion, personal watch, personal ideas in the form of movie scripts, music, books, video games, businesses, etc. Plaintiff lost several pounds due to having to sell his food at times to get paper, stamps, envelopes, pens, etc. to do his legal work or write his family.

VI. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. Plaintiff seeks compensatory damages of $250,000 against each Defendant in his or her individual capacity, punitive damages of $125,000 against each Defendant in his or her individual capacity, declaratory relief against each Defendant, a permanent injunction and restraining order against each Defendant, trial by jury, and any additional relief this Court deems just, proper, and equitable.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*Florida State Prison*

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

*All of the claims stated herein*

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

At Florida State Prison Main Unit

2. What did you claim in your grievance? Plaintiff made claims pertaining to his lost or missing property, the failure of Defendants to reimburse or otherwise provide him his missing property.

3. What was the result, if any? Most of the grievances that were filed were lost, misfiled, not processed, or otherwise thrown away. Plaintiff continued to file grievances and documenting them in a personal grievances log that he created himself because of rumors he heard from other inmates at Florida State Prison that alleged that the officers, grievance collection representatives, and the grievance coordinator A. McGregor throw away inmates grievances.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.) Plaintiff completed the grievance procedure to the best of his abilities. At times filing multiple grievances of the same nature to different locations to ensure that they're processed. Plaintiff filed from the institutional level informally and formally as well as to the Central Office but most of his grievances were never processed or otherwise thrown away.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.  If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. Plaintiff filed an Injunction and Temporary Restraining Order with Bradford County Courthouse on March 28, 2022 as well as writing several Informative Correspondence letters and a Retaliation and Conspiracy To Violate Inmates Constitutional Rights Complaint to several addresses, as well as a letter to a private attorney.

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

U.S. Nor. Dist. Fla. Pen. Div. Dismissed Sept. 2023 Failure To State A Claim

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)  Kevin Lamar Blake
   Defendant(s)  Martin, et. al.,

2. Court *(if federal court, name the district; if state court, name the county and State)*
   Mid. Dist. Fla. Jac. Div.

3. Docket or index number
   3:18-cv-00081-MMH-JRK

4. Name of Judge assigned to your case
   James R. Klindt

5. Approximate date of filing lawsuit
   March 2018

6. Is the case still pending?
   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition.  February 2021

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Settlement Agreement

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)   Kevin Lamar Blake
   Defendant(s)   Crawford

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Mid. Dist. Fla. Jac. Div.

3. Docket or index number

   3:19-cv-00114-TJC-MCR

4. Name of Judge assigned to your case

   Monte C. Richardson

5. Approximate date of filing lawsuit

   January 2019

6. Is the case still pending?

   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition   February 2021

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Settlement Agreement

Page 10 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff: *Kevin Blake*
Printed Name of Plaintiff: Kevin Lamar Blake
Prison Identification #: X83762
Prison Address: 5850 E. Milton Rd.
Milton, FL 32583

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Address:
Telephone Number:
E-mail Address:

# List of Attachments

1.) I. Parties to this Complaint: B. The Defendant(s) pg. 3 of 11; Attachment 1
2.) II. Basis for Jurisdiction: D. pg. 4 of 11; Attachment 2
3.) IV. Statement of Claim: D. pg. 5 of 11; Attachment 3
4.) VIII. Previous lawsuits: D. pg. 10 of 11; Attachment 4

## Attachment 1

I. The Parties to this Complaint: B. The Defendants pg. 3 of 11

Defendant No. 5
T. McDarby
Officer
23916 N.W. 83rd Ave.
Raiford, FL 32026
Individual capacity

Defendant No. 6
Weems
Lieutenant
23916 N.W. 83rd Ave.
Raiford, FL 32026
Individual capacity

Defendant No. 7
W. Bennett
Asst. Warden
23916 N.W. 83rd Ave.
Raiford, FL 32026
Individual capacity

Defendant No. 8
J. McClellan
Asst. Warden
23916 N.W. 83rd Ave
Raiford, FL 32026
Individual capacity

Defendant No. 9
Donald G. Davis
Warden
23916 N.W. 83rd Ave
Raiford, FL 32026
Individual capacity

Defendant No. 10
Palmer
Region Two Director
7263 S.CR 231
Lake Butler, FL 32054
Individual capacity

## Attachment 2

II. Basis for Jurisdiction: D. pg. 4 of 11
of state law by committing the following claim(s): Conditions of Confinement in violation of Plaintiff's Eighth amendment rights.

## Attachment 3

IV. Statement of Claim: D. pg. 5 of 11
property but never received a response. Plaintiff began to utilize the grievance procedure. He filed several grievances at the formal and informal levels. Plaintiff's last grievance to the Central Office never returned or did he otherwise receive a response.

2.) On April 13, 2022 between 1:00pm - 1:10pm Plaintiff was moved from Charlie Wing cell 1330 to Bravo Wing cell 1322 to be placed on disciplinary status after he refused to exit his cell to be placed in a cell on the first floor of Charlie Wing because Sgt. C.A. Tyre, which he had been having numerous issues with, advised him that he would tamper with his property and insisted on packing his property for him. Lt. Weems was called to Charlie Wing and upon arrival Plaintiff attempted to speak with him and explain that Sgt. Tyre and Sgt. A. Gwara made threats about his property but he deliberately

disregarded. Plaintiff was placed on camera. In a report to Major E. Powers he exited his cell on camera bearing all his property packed in two sheets and a pillowcase which was left on his foot locker by the cell door. Instead of his property being taken with him as it should have been so Bravo Wing staff could inventory it his property was left in Charlie Wing where Sgt. Tyre and Sgt. A. Gwara could tamper with it. Plaintiff filed several more grievances and had his family file complaints.

3.) On April 20, 2022 between 1:15pm-1:35pm Lt. Weems brought Plaintiff a witness statement pertaining to allegations that were made. Plaintiff documented everything that transpired between himself and Sgt. Tyre from the first incident in January and the issue with his missing property in December all the way to the unlawful confiscation of his personal property. Lt. Weems took the witness statement and returned between 2:15pm-2:45pm with a property list to sign, a soap dish, toothbrush, and twenty-five pictures stating that these were the only items he could receive on disciplinary status. When Plaintiff inquired as to his legal and personal mail not being provided to him nor being listed on the property list Lt. Weems began making excuses in an attempt to cover for his officers misconduct. Plaintiff refused to sign unless he was given the opportunity to inspect his property first to make sure all his property was accounted for. Lt. Weems refused to allow him to do this.

4.) On May 2, 2022 after Plaintiff's family filed several complaints about his property being missing he received all of his legal and personal mail, as well as a few items he could receive on disciplinary status. He was provided two separate property lists. One was a rewrite signed by Ofc. S. Williams from April 26, 2022; the day after he spoke with Assistant Warden W. Bennett, to include his legal and personal mail. The other was the original, which Plaintiff discovered that his property had been inventoried forty-eight hours after he was moved from Charlie Wing to Bravo Wing on April 15, 2022 against policy and procedure. Ofc. T. McDarby was the officer that inventoried his property two days after he was moved. This was done to cover up that the officers that worked on April 13, 2022 tampered with Plaintiff's property. Several items still weren't listed on either property list.

5.) On May 12, 2022 after Plaintiff had been taken off disciplinary status Sgt. W. Rogers brought personal property to him. Plaintiff possessed both property lists from April 15, 2022 and April 26, 2022. Plaintiff requested to see and make sure all of his property was accounted for but Sgt. W. Rogers refused to allow him to go through his property first before signing. Plaintiff could see that alot of his property was missing and few items were accounted for. Plaintiff refused to sign. Plaintiff filed several requests and grievances between May 13, 2022 - May 20, 2022. He also had his family file several complaints as well as get in contact with Mr. Palmer, the Region two Director. Plaintiff provided Sgt. W. Rogers and Ofc. S. Williams with a list of all the items that went missing but no response was ever provided nor did he receive the list back. Some of the items that came up missing were legal

books, a notepad, writing paper and pens, religious study material, personal clothes, books, magazines, and several other items.

6.) Plaintiff filed numerous grievances between December and May as well as having his family file complaints. Due to the issues with receiving his missing property and numerous issues with Sgt. C. A. Tyre Plaintiff filed an Injunction and Temporary Restraining Order with Bradford County Courthouse which was originally filed on March 28, 2022 but later amended; Case No. 04-2022-CA-000120.

7.) Majority of Plaintiff's grievances were collected by Classification Ofc. Mrs. Price and submitted to the grievance coordinator A. McGregor. Most of the grievances that he filed between December and May were never answered or otherwise returned. The only reason Plaintiff was able to bring these incidents to the attention of administration staff is because Plaintiff's mother continuously contacted the institution and filed complaints.

8.) Plaintiff never received his missing property even after filing grievances, having his family file complaints, as well as having his family get in contact with Mr. Palmer, the Region Two Director, along with Warden Donald G. Davis, Asst. Warden J. McClellan, and Asst. Warden W. Bennett none of which intervened to assist him in receiving any of his missing property. This action follows.

Attachment 4

VIII. Previous Lawsuit: D. pg. 10 of 11
F.1. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): Savelli, et. al.,
2.) Court
Mid. Dist. Fla. Orl. Div.
3.) Docket or Index Number
6:19-cv-00494
4.) Name of Judge assigned to your case
Embry J. Kidd
5.) Approximate date of filing lawsuit
May 2019
6.) Is the case still pending?
No, Summary Judgement for Defendants
F.1. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): Harrell, et. al.,
2.) Court
Mid. Dist. Fla. Jac. Div.

3.) Docket or Index Number
3:21-cv-00081

4.) Name of Judge assigned to your case
Joel B. Toomey

5.) Approximate date of filing lawsuit
Jan. 2021

6.) Is the case still pending?
No, Summary Judgement for Defendants

6.4. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): White, et. al.,

2.) Court
Nor. Dist. Fla. Pen. Div.

3.) Docket or Index Number
3:21-cv-00351

4.) Name of Judge assigned to your case
Hope Thai Cannon

5.) Approximate date of filing lawsuit
Mar. 2021

6.) Is the case still pending?
No, Voluntary Dismissal

H.4. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): Savelli, et. al.,

2.) Court
U.S. Ct. App. 11th Cir.

3.) Docket or Index Number
21-13070-CC

4.) Name of Judge assigned to your case
Elizabeth L. Branch

5.) Approximate date of filing lawsuit
Aug. 2021

6.) Is the case still pending?
No, Dismissed

I.4. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): Gaudy, et. al.,

2.) Court
Nor. Dist. Fla. Pan.Cty. Div.
3.) Docket or Index Number
5:20-cv-00137
4.) Name of Judge assigned to your case
Michael J. Frank
5.) Approximate date of filing lawsuit
Mar. 7, 2022
6.) Is the case still pending?
No, Settlement Agreement

J.d. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): White, et. al.,
2.) Court
Mid. Dist. Fla. Jac. Div.
3.) Docket or Index Number
3:23-cv-00341
4.) Name of Judge assigned to your case
Marcia Morales Howard / Brian J. Davis
5.) Approximate date of filing lawsuit
Mar. 2023
6.) Is the case still pending?
Yes

K.d. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): E.S. Young, et. al.,
2.) Court
Mid. Dist. Fla. Jac. Div.
3.) Docket or Index Number
3:23-cv-00399
4.) Name of Judge assigned to your case
Brian J. Davis / Monte C. Richardson
5.) Approximate date of filing lawsuit
April 7, 2023
6.) Is the case still pending?
Yes

L.d. Parties to the Previous Lawsuit

Plaintiff(s): Kevin L. Blake
Defendant(s): C. A. Tyre
2.) Court
Mid. Dist. Fla. Jac. Div.
3.) Docket or Index Number
3:23-cv-00660
4.) Name of Judge assigned to your case
Marcia Morales Howard
5.) Approximate date of filing lawsuit
June 5, 2023
6.) Is the case still pending?
Yes

M.4. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): C. A. Tyre
2.) Court
Mid. Dist. Fla. Jac. Div.
3.) Docket or Index Number
3:22-cv-00846
4.) Name of Judge assigned to your case
Marcia Morales Howard
5.) Approximate date of filing lawsuit
Aug. 2022
6.) Is the case still pending?
Dismissed without prejudice

N.4. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): Schrock, et. al.,
2.) Court
Nor. Dist. Fla. Pen. Div.
3.) Docket or Index Number
3:23-cv-08552
4.) Name of Judge assigned to your case
Hope Thai Cannon
5.) Approximate date of filing lawsuit
Apr. 2023
6.) Is the case still pending

No, Voluntary Dismissal

O.1. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): J. Carter, et. al.,

2.) Court
Nor. Dist. Fla. Pen. Div.

3.) Docket or Index Number
3:23-cv-08553

4.) Name of Judge assigned to your case
Zachary C. Bolitho

5.) Approximate date of filing lawsuit
May 2023

6.) Is the case still pending?
Yes

P.1. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): Ortega, et. al.,

2.) Court
Nor. Dist. Fla. Pen. Div.

3.) Docket or Index Number
3:23-cv-08554

4.) Name of Judge assigned to your case
Hope Thai Cannon

5.) Approximate date of filing lawsuit
Apr. 2023

6.) Is the case still pending?
Yes

Q.1. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): T. Butler, et. al.,

2.) Court
Nor. Dist. Fla. Pen. Div.

3.) Docket or Index Number
3:23-cv-14445

4.) Name of Judge assigned to your case
Zachary C. Bolitho

5.) Approximate date of filing lawsuit
Aug. 2023

6.) Is the case still pending?
No, Dismissed with prejudice

R.1. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): K. Young, et. al.,

2.) Court
Nor. Dist. Fla. Pen. Div.

3.) Docket or Index Number
3:23-cv-11748-TKW-HTC

4.) Name of Judge assigned to your case
Hope Thai Cannon

5.) Approximate date of filing lawsuit
May 25, 2023

6.) Is the case still pending?
Yes

S.1. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): Seamans, et. al.,

2.) Court
Nor. Dist. Fla. Pen. Div.

3.) Docket or Index Number
3:23-cv-21819

4.) Name of Judge assigned to your case
Hope Thai Cannon

5.) Approximate date of filing lawsuit
Aug. 16, 2023

6.) Is the case still pending?
No, Dismissed with prejudice

T.1. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): W. Rogers, et. al.,

2.) Court
Mid. Dist. Fla. Jac. Div.

3.) Docket or Index Number
3:23-cv-00682

4.) Name of Judge assigned to your case
Monte C. Richardson

5.) Approximate date of filing lawsuit
June 13, 2023

6.) Is the case still pending?
No, Dismissed without prejudice

U.4. Parties to the Previous Lawsuit
Plaintiff(s): Kevin L. Blake
Defendant(s): C.P. Richter

2.) Court
Nor. Dist. Fla. Pen. Div.

3.) Docket or Index Number
3:23-cv-12764-MCR-ZCB

4.) Name of Judge assigned to your case
Zachary C. Bolitho

5.) Approximate date of filing lawsuit
June 6, 2023

6.) Is the case still pending?
Yes